O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MEZA, an individual,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC, a Delaware limited liability company, MARK CHRISTOPHER CHEVROLET, INC., a Delaware limited liability company, and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: 2:25-CV-08707-MEMF-PD<br>**ORDER DENYING MOTION TO REMAND [DKT. NO. 13]** |

Before the Court is a Motion to Remand filed by Plaintiff Juan Meza. Dkt. No. 15 ("Motion"). The Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing set for December 18, 2025. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.For the reasons stated herein, the Motion is DENIED.

/ / /

## I. Background

### A. Factual Background[1]

Plaintiff Juan Meza is an individual residing in California. Dkt. No. 1-1 ¶ 2 ("Compl."). Defendants General Motors LLC ("GM") and Mark Christopher Chevrolet, Inc. ("Chevrolet"; together with GM, "Defendants") are Delaware limited liability companies. *Id.* ¶¶ 4-5.

In October 2017, Meza leased a 2017 GMC Sierra 1500 ("Sierra"). *Id.* ¶¶ 7, 10. Meza received various warranties in connection with the purchase. *Id.* ¶ 12. The Sierra experienced defects and nonconformities to the warranties. *Id.* ¶ 13. Meza subsequently delivered the Sierra to Defendants for repairs. *Id.* ¶ 14. But Meza asserts that Defendants failed to make the requisite repairs after a reasonable number of opportunities and failed to replace the Sierra. *Id.* ¶¶ 15-16.

### B. Procedural History

Meza filed suit in Los Angeles County Superior Court on February 13, 2025. *See* Dkt. No. 1 at 1. Meza then amended his Complaint on March 28, 2025. *See* Compl. Meza alleges five causes of action: (1) violation of Section 1793.2(d) of the Song-Beverly Act; (2) violation of Section 1793.2(b) of the Song-Beverly Act; (3) violation of Section 1793.2(a)(3) of the Song-Beverly Act; (4) breach of implied warranty of merchantability in violation Civil Code section 1791.1 and 1794; and (5) violation of 15 U.S.C. §§ 2301-2312 of the Magnuson-Moss Warranty Act ("Magnuson-Moss"). *See id.*

Chevrolet filed an Answer on June 12, 2025. *See* Dkt. No. 1-3. GM filed an Answer on June 27, 2025. *See* Dkt. No. 1-2. On September 15, 2025, Defendants jointly removed the action to this Court after conducting their own investigation as to the damages at stake. *See* Dkt. No. 1 at 2.

On October 10, 2025, Meza filed the instant Motion to Remand. Dkt. No. 15 ("Motion"). Meza also filed a supporting declaration. *See* Dkt. No. 13-1 ("Yang Decl."). On October 24, 2025, Defendants filed an Opposition. Dkt. No. 16 ("Opposition"). On October 30, 2025, Meza filed a Reply. Dkt. No. 17 ("Reply").

---

[1] Except as otherwise indicated, the following factual background is derived from Meza's Complaint. Compl. The Court includes these allegations only as background and makes no finding on whether they are true.

## II. <u>Applicable Law</u>

### A. Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). While citizenship to a state is not necessarily tied to residence, a "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). There are two different possible deadlines for a defendant to remove, depending on the circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the defendant must file a notice of removal within thirty days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the defendant need not immediately remove, and instead must remove "within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)). "Notice of removability under § 1446(b) is determined through

examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.*

"If the plaintiff subsequently challenges the removal, the burden is on the removing Defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1006–07 (9th Cir. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the Defendant always has the burden of establishing that removal is proper.").[2]

**B. Magnuson-Moss**

Magnuson-Moss, 15 U.S.C. §§ 2301 et seq., states that "a consumer who is damaged by the failure of a supplier [or] warrantor . . . to comply with any obligation under this chapter [] or under a written warranty [or] implied warranty" may sue in a United States district court. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037-38 (9th Cir. 2004). The amount in controversy ("AIC") must exceed $50,000, exclusive of interest and costs, and computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d). Personal injury and punitive damages are precluded under the Act. *Id.*

The removing party bears the burden of showing, by a preponderance of the evidence, that the jurisdiction threshold is satisfied. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699–701 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404–05 (9th Cir. 1996)).

**III. Discussion**

Plaintiff bases the Motion on the following arguments: (1) Defendants' removal was untimely as the AIC is ascertainable on the face of the complaint, and (2) Defendants have not met their burden to demonstrate the AIC is more than $50,000. *See* Motion.

/ / /

/ / /

---

[2] Plaintiff asserts that the burden established in *Gaus* is a "heavy one," and there is a "strong presumption against removal jurisdiction." Motion at 3-4, 9. Although *Gaus* indicated a strong presumption, the requisite burden level, as established by Ninth Circuit decisions that followed, is a preponderance of the evidence. *Guglielmino*, 506 F.3d at 699–701; *Sanchez*, 102 F.3d at 404–05; Opposition at 1, 8-9. Plaintiff concedes to this burden in its briefs. Motion at 9. Thus, Defendants need only demonstrate that it is "more likely than not" that subject matter jurisdiction exists.

### A. The Motion Is Timely Because Plaintiff's Complaint, On Its Face, Did Not Trigger Section 1446.

Plaintiff's first argument pertains to Section 1446's thirty-day removal trigger. Under these arguments, the Court must consider the date of the removal action, and whether Plaintiff's initial complaint or a subsequent paper, on its face, made federal jurisdiction ascertainable to Defendants. For the reasons below, this Court finds that the Complaint did not, on its face, trigger Section 1446, and therefore, the Motion is timely.

Plaintiff claims Defendants' removal was untimely because it came more than thirty days after Plaintiff served Defendants with the Complaint. *See* Motion at 1-2, 5. This argument is premised on the idea that Plaintiff's Complaint made apparent that the action was removable, and so Defendants were obligated to remove the action within thirty days. Defendants rebut, detailing how Plaintiff's Complaint fails to provide sufficient information for assessing Plaintiff's citizenship[3] and a determinative measure of actual damages, civil penalties, and attorney's fees from which Section 1446 would be triggered. Opposition at 12-15.

Plaintiff concedes that the "complaint does not allege a specific dollar amount in controversy," but asserts that "it is impossible to believe that Defendants could not ascertain the [AIC] exceeded $50,000 based on the face of the complaint." Motion at 6; *see Harris*, 425 F.3d at 692. Because the complaint sought "restitution for the purchase of the vehicle," "incidental and consequential damages," "civil penalties of two times the actual damages," and "attorneys' fees," Plaintiff reasons that the complaint sufficiently established the requisite AIC to Defendants, thereby triggering Section 1446's thirty-day removal window. Motion at 6.

As Plaintiff filed the complaint on February 13, 2025, and Defendants did not remove the action until September 15, 2025—214 days after the thirty-day removal deadline—Plaintiff contends that Defendants' removal is untimely and warrants remand. Motion at 1-2, 5.

---

[3] Here, there is evidence that Plaintiff resides in California—namely, his address in the Sierra's purchase agreement, Dkt. Yang Decl., Ex. A ("RISC"). And although the presumption that he intends to remain in the state is rebuttable, Plaintiff does not argue he is domiciled elsewhere. *See Adams*, 958 F.3d at 1221 (explaining that citizenship is determined by state of domicile, which is determined by where a person resides "with the intention to remain"). Though Defendants argue that Plaintiff's citizenship in California is indeterminate, they also do not argue that Plaintiff is not a California citizen. Therefore, as Defendants are domiciled in Delaware, the Court finds diversity of citizenship.

For the removal deadline to be thirty days from service, the action must "*clearly* [be] removable on the basis of jurisdictional facts[4] *apparent from the face of the complaint*." *Harris*, 425 F.3d at 692–93 (emphasis added). The removability must be clear from the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. In other words, even if a defendant has access to information that might show a case is removable, or could uncover such information through an investigation, the defendant is not obligated to remove within thirty days of service unless the ground for removal is obvious on the face of the complaint. *See id.* at 695-96 (even when the defendant's files contained the citizenship of relevant parties and showed complete diversity, defendant was not obligated to remove within thirty days if the complaint did not affirmatively allege complete diversity).

Here, the Complaint did not state how much money was at stake. *See* Compl. Plaintiff alleged that he purchased a Sierra, and that he sought actual damages and penalties of two times actual damages. *See* Compl. ¶ 6, Prayer for Relief. Nowhere does the Complaint state the purchase price or what actual damages were. *See* Compl. The Complaint did not make clear on its face that the amount in controversy was over $75,000. Accordingly, Defendants were not obligated to remove within thirty days of service. *See Harris*, 425 F.3d at 692–93.

Further, Plaintiff's reliance on *Dart Cherokee Basin Operating Co.* is misplaced. Plaintiff cites to *Dart* to demonstrate that Defendants had sufficient information to present a "mere plausible allegation" that diversity jurisdiction was met because Defendants are sophisticated and has knowledge of the automotive industry, which presumably would allow Defendants to determine that the amount in controversy was sufficient for removal, especially considering Defendants had access to the Sierra's MSRP value. Motion at 7-8.

---

[4] The "jurisdictional facts" at issue in *Harris* were whether the parties had "complete diversity of citizenship." *See Harris*, 425 F.3d at 692–93. This is on point with the jurisdictional fact at issue here. The Ninth Circuit has clarified that the "explicit standard"—that the ground for removal must be "unequivocally clear and certain"—applies to all possible grounds for removal. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (extending *Harris*'s rule to removal based on the "federal officer removal statute, 28 U.S.C. § 1442"). The fact that complete diversity and the amount in controversy is over $75,000 must be clearly apparent from the face of the complaint to trigger the 30-day timeline for removal from the time of service. *See Harris*, 425 F.3d at 692–93.

Even if true, this is irrelevant. The issue here is not whether Defendants *could* have removed, but rather whether Defendants *were obligated* to remove within thirty days of service. *Dart* does not address this question at all, and *Harris* covers it in detail. *Compare Dart*, 574 U.S. at 81, *with Harris*, 425 F.3d at 689. As *Harris* makes clear and as discussed in Opposition, Defendants' subjective knowledge is not part of the inquiry. *See Harris*, 425 F.3d at 694 ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); Opposition at 9. Nor did Defendants have any duty to investigate. *See id.* The fact that the Complaint included the make, model, year, and VIN is similarly not dispositive, as this information would have required further investigation to uncover a purchase price.[5] *See* Motion at 7. To trigger the thirty-day deadline, the Complaint needed to show on its face that $50,000 was at stake in the action to remove under Magnuson-Moss or $75,000 under diversity jurisdiction. It did neither. For the reasons discussed above, the Court finds that *Harris* controls.

With that conclusion in mind, the Court finds that Defendants have met their burden of showing that removal was proper. The Complaint did not make clear on its face that more than $75,000 was at stake, and no other pleading or relevant paper made this clear until Defendants conducted their own investigation. Regardless of whether Defendants *could* have properly removed within thirty days, Defendants were not *obligated* to do so.

### B. Defendants Satisfied Their Burden of Establishing the Requisite Amount in Controversy Under the Song-Beverly Act and Magnuson-Moss.

Plaintiff's second argument is that Defendants failed to meet their "heavy burden" of establishing that the AIC exceeds $50,000 for federal question jurisdiction and exceeds $75,000 for

---

[5] Plaintiff cites *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013), which requires "a defendant to apply a reasonable amount of intelligence in ascertaining removability." Reply at 1. Pointing to the Sierra Sales Agreement and repair orders sent to Defendants in January 2025, Plaintiff contends that Defendants had sufficient information to ascertain diversity jurisdiction. Motion at 7-8; Reply at 7. However, as discussed by Defendants, *Kuxhausen* expressly holds that Section 1446's "amended pleading, motion, [or] order" reference cannot be read to include papers preceding the initial pleading." *Id.* at 1142; Opposition at 6, 9. Because plaintiff's demand letter, in *Kuxhausen*, was provided to defendant before she initiated her suit, it did not trigger the thirty-day period. *Id.* The same conclusion can be reached here as the focus is on the initial pleading, Plaintiff's Complaint, not pre-litigation documents, and what AIC Defendants could have ascertained within the four corners of the Complaint.

diversity jurisdiction. Motion at 9. This argument depends on the evidence set forth by Defendant, and whether that evidence demonstrates, by a preponderance of the evidence, that the AIC is beyond each jurisdictional threshold. Having found the Defendants' proffered evidence is sufficient to establish an AIC over $75,000, the Court finds that Defendants met the jurisdictional threshold under Magnuson-Moss and diversity jurisdiction. For this reason, the Court will deny the Motion on this ground.

Plaintiff claims that Defendants did not point to evidence in the complaint or produced evidence showing that Plaintiff's actual damages and civil penalties exceeded $50,000, let alone $75,000. Motion at 9-10. Not only is this contrary to Plaintiff's prior assertions that Defendants had "more than sufficient information to plausibly determine" the AIC exceeded $75,000, Motion at 8, it ignores the clear evidence provided by Defendants. Plaintiff further explains that Defendants' attorneys' fees estimate is based solely on "self-serving, subjective assertions," which are insufficient to satisfy a preponderance of the evidence burden. Motion at 10.

In Opposition, Defendants thoroughly guide the Court through their damage calculations. From Defendants' records, the Sierra's defects were first presented to GM on December 8, 2019. Dkt. No. 16-1 ¶ 3. At that time, the Sierra had 43,354 miles on the odometer. *Id.* Accounting for the offsets, including mileage, the Sierra was valued at $31,178.04. *Id.* Taking the Sierra's value, adding civil penalties up to two times the actual damages, with additional consideration of attorneys' fees, the AIC could reasonably be $108,534.12.[6] Opp. at 20.

In Reply, Plaintiff reasserts that Defendants' calculated value of the Sierra and attorney's fees are "fatally speculative" and is not supported by "competent evidence." Reply at 4, 9-12. Plaintiff also takes issue with Defendants' civil penalties calculation, stating that there is "no evidence whatsoever that Plaintiff will receive the maximum amount of civil penalties" and

---

[6] The value of the Sierra was $31,178.04. For civil penalties up to two times, the Court multiplies the value by two, which totals $62,356.08. Adding the Sierra's value and civil penalties totals $93,534.12. Adding attorney's fees of $15,000 results in the total AIC of $108,534.12. The Court notes that Plaintiff disputes the asserted attorney's fees amount. Reply at 9-11. But the Court need not resolve that objection: Even if the Court finds the attorney's fees amount to be $0, the AIC is well beyond $75,000.

providing nonbinding case discussing how district courts shall consider the "specific facts of the case" when estimating a potential civil penalty. Reply at 6-8.

As to the Sierra's value, or actual damages, the Retail Installment Sales Contract clearly sets forth a baseline from which actual damages can be calculated. Yang Decl., Ex. A ("RISC"). Defendants provided detailed calculations as to the relevant offsets in its Opposition. With regard to civil penalties, California Civil Code Section 1794(c) states "a civil penalty . . . two times the amount of actual damages" is permitted "if the buyer establishes that the failure to comply was *willful*." (Emphasis added). Paragraph 24 of Plaintiff's complaint includes facts specific to the case from which the Court can conclude that there is a likelihood of maximum civil penalties at issue. Paragraph 24 states:

> Defendants' failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendants and its representatives knew of their legal obligations and intentionally declined to follow them. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

Compl. ¶ 24. Whether Plaintiff would actually receive the maximum amount of civil penalties is not at issue; the amount in controversy is not a measure of how much the Court expects the plaintiff would realistically recover upon prevailing. Lastly, the attorney's fees calculations are based solely on Plaintiff's counsel's rates—facts specific to this case—and a reasonable estimate of the work expected. Taken together, Defendants presented detailed calculations of the AIC, which the Court finds more likely than not exceeds $75,000. Therefore, Defendants established the jurisdictional threshold under Magnuson-Moss and diversity jurisdiction.

Accordingly, Defendants' removal was timely, and Defendants have demonstrated an AIC sufficient for the Court to exercise jurisdiction over Plaintiff's claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV. Conclusion**

For the reasons stated herein, Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

Dated: July 20, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge